

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Worth B. Durham
County Attorney
Sterling County
Sterling City, Texas

Dear Sir:

Opinion No. O-7121

Re: Whether the expenses of
repairing and maintaining
county-owned typewriters,
adding machines and like
equipment used solely in
compilation of permanent
county records are payable
out of the fees of office
of the county officials in
a fee county.

We have received your request for our opinion on the hereinabove captioned matter, and we quote from your letter as follows:

"The ruling of your department is asked in the following matter arising in Sterling County, Texas.

"Facts: Sterling County has a population of approximately 1500, and, in accordance with a proper order of the Commissioners' Court, compensates its officers on a fee basis. The County owns various typewriters, adding machines and like equipment which is used by County officers solely for the purpose of compiling the permanent county records, such as Tax Rolls, Deed Records, Deeds of Trust and Mortgage Records, etc. The question has arisen as to whether the expenses of repairs and maintenance of such equipment is properly chargeable to fees earned by the officers using such equipment, or may such expenses be paid by the Commissioners' Court out of county funds.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Worth B. Durham, page 2

"Query: Are the expenses of repairs and maintenance of county-owned typewriters, adding machines and like equipment, used solely in compilation of permanent county records, payable out of fees of office of county officials using such equipment?"

Section (a), Article 3899, Vernon's Annotated Civil Statutes, reads in part as follows:

"At the close of each month of his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office such as stationery, stamps, telephone, premiums on officials' bonds including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses; provided, that in addition to the officers named herein, the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector shall likewise make a report on the premiums on officials' bonds, including the cost of surety bonds for any deputies, and said premiums shall be subject to payment out of the fees of said office, as herein otherwise provided for the officers named; . . ."

In the case of State vs. Carnes, et al, 106 S. W. (2d) 397, the court said:

"Under article 3899, Revised Civil Statutes as amended, Acts 1933, 43d Leg., p. 734, c. 220, 8 4, which was in force during 1934, the expenses, other than those expenditures in connection with automobiles, which an officer is authorized to claim as deductions under this provision, are limited to stationery, stamps, telephone, traveling expense, and other similar necessary expenses, the rule of ejusdem generis being applied to qualify the general language by the specifically enumerated items and to restrict its meaning to expenses of the same kind or class. Cameron County v. Fox (Tex.Civ.App.) 42 S. W. (2d) 653; Casey v. State (Tex.Civ.App.) 289 S. W. 428 (writ of error refused)."

The expenses of repairing and maintaining county-owned typewriters, adding machines and like equipment are not expenses of the <u>same</u> <u>kind</u> or <u>class</u> as those named in Art. 3899, supra, and it is therefore our opinion that said expenses are not payable out of the fees of office of the county officials in a fee county.

APPROVED MAR 6 1946

ATTORNEY GENERAL OF TEXAS

JCD:LJ

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  J. C. Davis, Jr.
Assistant

